UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Yordanos Haile,

        Plaintiff,

                              Civ. No. 14-379 (RHK/JJK)
                              **ORDER**

v.

HMS Host,

        Defendant.

---

In this action, Plaintiff Yordanos Haile has sued her former employer, Defendant HMS Host, alleging that it discriminated and retaliated against her based on her race and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Minnesota Human Rights Act ("MHRA").[1]  Presently before the Court is Defendant's Motion to Dismiss the MHRA claims (Doc. No. 15).  For the reasons that follow, the Motion will be denied.

Plaintiff is an African woman who was employed by Defendant for approximately 10 years before being discharged in September 2011.  (Compl. ¶ 9.)  On November 11, 2011, she filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  (Cornell Decl. Ex. 2.)[2]  It is unclear from the Complaint what action was taken on the charge, but on February 12, 2014, Plaintiff commenced the instant action alleging violations of Title VII and the MHRA.  Defendant now moves to

---

[1] Haile also asserted several other claims in her Complaint, but she later agreed to dismiss them.

[2] EEOC charges may be considered when resolving a motion to dismiss.  See, e.g., Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 931 (8th Cir. 2011).

dismiss the MHRA claims, arguing the statute contains a one-year limitations period, Plaintiff "was terminated on September 11, 2011," but she "filed the instant lawsuit on February 18, 2014." (Def. Mem. at 5.)

Defendant's argument, however, misapprehends the statute. The MHRA provides that "[a] claim of an unfair discriminatory practice must be brought as a civil action . . . , filed in a charge with a local commission . . . , or filed in a charge with the commissioner [of human rights] within one year after the occurrence of the practice." Minn. Stat. § 363A.28, subd. 3 (emphasis added). In other words, Plaintiff need not have filed this action within one year of her discharge; it was enough for her to have timely filed her discrimination charge. See also, e.g., Henderson v. Ford Motor Co., 403 F.3d 1026, 1032 (8th Cir. 2005) ("The MHRA requires that an employee file an administrative charge or bring a civil action within one year of the discriminatory practice.") (emphasis added). And here, the Complaint specifically alleges that "[p]rior to filing this civil action, [Plaintiff] timely filed [a] charge[] . . . with the Minnesota Department of Human Rights" (Compl. ¶ 8), an allegation the Court must accept as true at this juncture. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (when reviewing a motion to dismiss, facts alleged in the complaint must be taken as true and all reasonable inferences from those facts drawn in the plaintiff's favor). From the allegations in the Complaint, therefore, Plaintiff's claim does not appear time-barred.

Defendant responds that Plaintiff in fact never filed her charge with Minnesota Department of Human Rights, citing an e-mail from the Department indicating it did not receive a charge from her. But that e-mail is beyond the pleadings, and the Court

2

declines to consider it.  See Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003) (court has "complete discretion" whether to ignore beyond-the-pleading material on motion to dismiss or consider it and convert the motion into one for summary judgment).[3]  In any event, the Court notes Plaintiff's charge was submitted on a pre-printed EEOC form, on which she checked a box indicating, "I want this charge filed with both the EEOC and the State or local Agency, if any." (Cornell Decl. Ex. 2.)  She also expressly invoked the MHRA in the "particulars" of her charge.  (Id.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. No. 15) is **DENIED**.  The hearing on the Motion, currently scheduled for June 27, 2014, is **CANCELED**.

Dated: June 3, 2014                        s/Richard H. Kyle
                                           RICHARD H. KYLE
                                           United States District Judge

---

[3] This is why the statute of limitations rarely provides a basis for Rule 12(b)(6) dismissal.  See, e.g., Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.").